IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JON WASSERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-338-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| OFFICER BERGSTROM, OFFICER TRENTZ, SGT. E.K. ANDERSON, OFFICER JONATHAN YOCHIM, CITY OF PORTLAND, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

William N. Later
521 SW Clay Street
Portland, Oregon 97201

   Attorney for Plaintiff

William W. Manlove
Office of City Attorney
1221 SW Fourth Avenue, Room 430
Portland, Oregon 97204

   Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Jon Wasserman brings a Section 1983 action against four Portland Police officers and the City of Portland for violations of his Fourth and Fourteenth Amendment rights. Before the court is defendants' Motion for Partial Summary Judgment (#68). For the following reasons, I grant the motion.

## BACKGROUND

On March 13, 2004, Wasserman was parking his car on NE 31st Avenue near Sandy Blvd. Defendant Portland police officer Bergstrom, acting as an undercover prostitution decoy, approached Wasserman. The undercover decoy and Wasserman conversed. Wasserman began driving away. The undercover decoy signaled to another officer, who stopped plaintiff and arrested him for violating Portland City Code (PCC) 14A.40.050, Unlawful Prostitution Procurement Activities.

The ordinance reads:

14A.40.050 Unlawful Prostitution Procurement Activities

A.    As used in this Section, "prostitution" means that unlawful conduct defined in 14A.40.040 of this Code. As used in this Section, "prostitution procurement activity" means any conduct by any person that constitutes a substantial step in furtherance of an act of prostitution. Such activity includes, but is not limited to, lingering in or near any street or public place, repeatedly circling an area in a motor vehicle, or repeatedly beckoning to, contacting, or attempting to stop pedestrians or motor vehicle operators.

B.    It is unlawful for any person to engage in any prostitution procurement activity with an intent to induce, entice, solicit, procure, locate or contact another person to commit an act of prostitution.

Aff. of Toni Anderson ¶ 3.

14A.40.040 defines prostitution as follows:

> Prostitution: engaging in, offering, or agreeing to engage in sexual conduct or sexual contact in return for a fee or paying, offering, or agreeing to pay a fee to engage in sexual conduct or sexual contact.

Id. at ¶ 4.

In his First Claim for Relief, plaintiff alleges defendants violated his Fourth Amendment rights by unreasonably searching and seizing him. In his Second Claim for Relief, plaintiff alleges defendants ran afoul of his Fourth and Fourteenth Amendment rights by arresting and charging him for violating an unconstitutionally vague ordinance. He seeks an injunction prohibiting enforcement of the ordinance.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

The City moves for judgment against plaintiff's Second Claim for Relief, arguing that the ordinance under which Wasserman was charged is not unconstitutionally vague and, as a result, plaintiff is not entitled to injunctive relief prohibiting enforcement of the ordinance.

In a facial challenge on vagueness grounds, "a court's first task is to determine whether the enactment reaches a substantial amount" of conduct constitutionally protected by the First Amendment. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc. 455 U.S. 489, 494 (1982). Even if a statute does not touch the spoken or written word, expressive conduct is a protected medium under the First Amendment. R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 382 (1992). If a statute does not reach conduct protected by the First Amendment, in order to mount a successful facial challenge a plaintiff must show that the statute is unconstitutional in all of its applications. Village of Hoffman Estates, 455 U.S. at 495.

The parties dispute whether Wasserman must show that the ordinance is unconstitutional in all of its applications. Wasserman contends that the ordinance implicates the rights to assemble and free speech because it prohibits "lingering in or near any street or public place . . . or repeatedly beckoning to, contacting, or attempting to stop pedestrians[.]" PCC 14A.40.050(A).

I disagree with Wasserman. Although the ordinance defines "prostitution procurement activity" to include lingering, beckoning, or attempting to stop pedestrians or drivers, it criminalizes only that activity done "with an intent to induce, entice, solicit, procure, locate, or contact another person to commit an act of prostitution." PCC 14A.40.050(B). In other words, the ordinance restricts the conduct at issue to acts that intentionally further prostitution, conduct which Wasserman does not and could not argue is constitutionally protected. Accordingly, the more stringent standard is applicable here and Wasserman must show that the ordinance is unconstitutional in all of its applications.

The test to determine whether a law is vague is to evaluate whether "men of common intelligence must necessarily guess at its meaning and differ as to its application." United States v. Lanier, 520 U.S. 259, 266 (1997). In a vagueness analysis, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." Id. at 267.

The crux of Wasserman's concern is that the ordinance allows arbitrary enforcement. "Where the legislature fails to provide . . . minimal guidelines [to govern law enforcement], a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" Kolender v. Lawson, 461 U.S. 352, 358 (1983) (quoting Smith v. Goguen, 415 U.S. 566, 575 (1974)). Wasserman is particularly concerned about the language "but is not limited to" in the ordinance. Wasserman argues he did not act in any of the ways enumerated in the ordinance (e.g. lingering, repeatedly circling, repeatedly beckoning to pedestrians or drivers), but was parking his car when he was approached by an undercover officer. As he attempted to drive away, he was arrested. Wasserman argues that the ordinance is so broadly written that it allows officers unfettered discretion to find a violation of the ordinance.

The City points to an Oregon Court of Appeals decision finding this ordinance to be constitutional. The defendant in that case challenged the terms "linger," "prostitution procurement activities," and "repeatedly circling" as vague. The court concluded that the terms "were not so vague as to deny members of the public fair warning of the conduct that is prohibited" since the conduct must "manifest[] a particular intent[.]" State v. Krueger, 208 Or.

Page 5 - OPINION AND ORDER

App. 166, 170-72, 144 P.3d 1007 (2006). The court also found that the defendant had not demonstrated that the ordinance was invalid in all of its applications.

Like the defendant in Krueger, Wasserman cannot demonstrate that the ordinance is vague in all of its applications as it clearly applies to someone "who stands on a street corner and flags traffic for the express purpose of soliciting an act of prostitution." Id. at 171. Furthermore, any conduct falling in the "but not limited to" category requires the mental state of "intentionally" acting to "induce, entice, solicit, procure, locate or contact another person to" "engage in sexual conduct or sexual contact in return for a fee or paying, offering, or agreeing to pay a fee to engage in sexual conduct or sexual contact," thereby avoiding arbitrary enforcement. See PCC 14A.40.050(B); PCC 14A.40.040. In sum, the ordinance is not unconstitutionally vague.

## CONCLUSION

For the foregoing reasons, defendants' Motion for Partial Summary Judgment (#68) is granted. Plaintiff's Second Claim for Relief is dismissed, as is his demand for injunctive relief.

IT IS SO ORDERED.

Dated this ___12th___ day of August, 2009.

                                                           /s/ Garr M. King  
                                                           Garr M. King  
                                                           United States District Judge